KIRCHBERG v. UNION TRUST CO.

INSURANCE—LIFE POLICY—EVIDENCE—FORGERY.

> On review of the testimony in support of a bill of complaint praying for the delivery of a policy claimed to have been assigned to complainant, it is held that the decree of the lower court finding that an assignment of insurance was valid was supported by sufficient evidence.

Appeal from Wayne; Mandell, J. Submitted November 11, 1913. (Docket No. 44.) Decided March 27, 1914.

Bill by William M. Kirchberg against the Union Trust Company, as special administrator of the estate of Christian Kirchberg, deceased, to secure the delivery of an insurance policy, pursuant to an assignment of decedent. From a decree for complainant, defendant appeals. Affirmed.

*O. E. Angstman (Alfred Lucking, of counsel), for complainant.*

*Frederic T. Harward, for defendant.*

MOORE, J. The complainant is the son of Christian Kirchberg, deceased. He claimed to be the owner by assignment of a life insurance policy upon the life of his father, deceased, which policy was in the possession of the defendant. The defendant claimed the assignment was a forgery, and refused to give up the policy. From a decree in favor of the complainant the case is brought here by appeal.

There is no question of fraud, duress, or incompetency involved. The simple question is, Was the assignment made by Mr. Kirchberg, or is his signa-

ture a forgery? Mr. Christian Kirchberg had been for many years a successful business man in Detroit. His first wife, the mother of complainant and three others, died in April, 1909. In March, 1910, when he was nearly 70 years old, he married a woman who had been in his employ, who was 24 years old. The record discloses that the policy in controversy was for $5,000, and was taken out in 1887; it was payable to his wife, or, in the event of her death, to his estate. There is evidence that he decided to drop this insurance some years ago, and his son William urged him not to do so, and the son paid the insurance premium for that year. Afterwards until the time of the assignment of the policy in April, 1910, the father paid them. April 26, 1910, after the marriage of Mr. Kirchberg to his young wife, they sailed for Europe. On April 22, 1910, he made his last will, in which, among other things, he referred to this policy of insurance, and directed the proceeds to be held by the executor, the Union Trust Company, and the income, together with other sums, to be paid to Mrs. Kirchberg. It is the claim of the complainant that for upwards of 20 years he had done a great deal of work for his father without pay, and that after his second marriage, his father expressed a desire to assign the policy in question, and that by direction of his father he procured from the company blank assignments, which complainant dated and filled out April 12, 1910, and delivered to his father, and that on the 25th day of April, 1910, the latter went before a notary public, and executed and acknowledged the assignments in duplicate, and delivered them to complainant. Before his death Mr. Christian Kirchberg bought and gave to his wife a home, and put his bank account in her name, enabling her to draw about $5,000 in cash, and, as before appears, provided for her in his will.

Counsel for appellant have referred to two cases

heard in this court, in which complainant is a party, and argues the court may take judicial notice of what developed in those cases.   There was sworn an expert, who pronounced one of the assignments a forgery.   Counsel in his brief of upwards of 60 pages discusses under a large number of groups the evidence which he says confirms the testimony of the expert.

The record was a long one; the witnesses were examined in open court.   Scores of signatures of Mr. Kirchberg were introduced in evidence.   The notary before whom the assignments were executed swears positively to their execution.   The circuit judge was right in saying in his written opinion:

"It seems to me that if this assignment was not actually made by Christian Kirchberg, then a conspiracy must have existed between William Kirchberg and William Rogers, not only looking toward the commission of a forgery, but also to be followed by perjury in court proceedings, and the very fact that there are discrepancies in their testimony lends, in my opinion, truth to the main contention that this assignment was in truth and in fact executed by Christian Kirchberg."

Men who were familiar with Mr. Kirchberg's signature swore they were his.   Experts also so testified. We think a comparison of the signatures also establishes that fact.

It would profit no one to go over in detail the testimony.   We are satisfied, however, from a careful examination of this voluminous record and a comparison of the signatures, that complainant has established his case.

The decree is affirmed, with costs.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.